Julia Sutton, Administratrix, Appellee, v. Wabash Railroad Company, Appellant.

MASTER AND SERVANT—*when obligation to furnish safe place to work does not apply.* ·The rule that the master owes a duty to furnish his servant with a reasonably safe place to perform his work can have no application where the servant, when injured, has completed the work, and, for his own convenience, goes to a place where his work does not call him, to seek a place of shelter. The master in this case had not provided the flat car for the use to which it was appropriated by the deceased, and had no reason to know that it would be so appropriated.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this ·court at the November term. 1908. Reversed without remanding. Opinion filed December 15, 1909.

HOGAN & WALLACE, for appellant.

J. C. & W. B. McBRIDE, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by Julia Sutton, administratrix, for the death of her husband by reason of alleged negligence on the part of the appellant. Judg-

ment was against appellant for $800. This appeal is prosecuted to reverse said judgment.

William Sutton, the plaintiff's intestate, was a section-man in appellant's employ. On the day he was killed he was engaged in picking up, with other employes, scrap-iron along the right of way of appellant, and taking it on a push car to be loaded on a flat car standing on a side track of appellant. Appellant had on that day several other cars standing on this side track on which the brakes had not been set either by the employes or other persons who might have left the cars on the siding at the point where they were. The evidence does not show who left them there, but it discloses the fact that they were stock cars and that it was the custom of shippers of stock to push the cars anywhere upon that track to suit their convenience for loading, and leave them at any convenient place.

When deceased, with the other section-men, had finished, or about finished, removing the scrap-iron to the flat car, a severe storm came up. This storm blew the push car down the side track quite rapidly and away from the flat car. Deceased, with two other section-men, took refuge from this storm under the end of the flat car. Another section man was sent down the track after the push car. The wind started the other cars that were upon this side track down the track and they collided with the flat car under which appellee's husband had sought shelter. One of the men jumped away from the track and was uninjured. Another had a toe mashed, and the deceased was caught by the moving flat car, dragged under it for some distance, and received injuries from which he died that night.

At the time that deceased took refuge under this car from the storm the scrap-iron had all been removed from the push car to the flat car.

The declaration in this cause alleged due care and caution on the part of the deceased, and the acts of negligence complained of against appellant are that the brakes on the cars standing on the side track

which were driven by the wind down against the flat car, had not been set, and it was negligence in appellant to so leave them in that condition, and that it was by reason of this negligence that deceased was killed. It is also alleged that by reason of the cars being so left without the brakes being set, the appellant did not furnish the deceased a reasonably safe place in which to work.

The deceased was not killed while in the performance of any duty. He had finished the work of transferring the scrap-iron from the push car to the flat car, and for the purpose of avoiding the storm and for his own convenience, took shelter under the flat car. The rule that the master owes a duty to furnish his servant with a reasonably safe place to perform his work can have no application where the servant, when injured, has completed the work, and, for his own convenience, goes to a place where his work does not call him, to seek a place of shelter. The master in this case had not provided the flat car for the use to which it was appropriated by the deceased, and had no reason to know that it would be so appropriated. O'Donnell v. MacVeagh, 205 Ill. 23.

The master owed no duty to its servants working as section-men along its track to keep the brakes set on its cars on the side track, and its failure to do so would not render the place at which the deceased met his death an unsafe place for a workman to perform his duty.

The deceased and those working with him had pushed this flat car along the side track to the point where they desired to load the scrap-iron on it and left it standing there while it was so loaded without its brakes being set, and the brakes were not set on it when deceased went under it for shelter.

Deceased knew the severity of this storm; that it had blown the push car down the track. He knew also that the brakes on the flat car under which he sought shelter were not set. To go under this car under such

conditions was not exercising due care and caution for his own safety.

This court finds from the evidence in this case that deceased was not in the exercise of due care and caution for his own safety, and that his failure to do so contributed to cause his death. The clerk will incorporate in the judgment in this cause such finding of fact.

The view this court has taken of this case renders it unnecessary to pass upon the questions raised regarding the instructions.

The judgment is reversed without remanding the cause.

*Reversed.*